WALDEN, Judge.
Plaintiffs, husband and wife, sue their landlord because of a fall suffered by the wife when she slipped upon some loose pebbles while traversing a common passageway leading from the plaintiffs’ apart *59 ment. The jury returned a verdict for plaintiffs. Defendant, landlord, appeals from the resulting final judgment. We reverse.
The simple issue preserved and posed was the sufficiency of the evidence reflecting that the landlord knew or should have known of the existence of the pebbles which was the dangerous condition causing the wife to fall.
What is the evidence concerning these stones and the duration of their presence upon the floor and the knowledge that the landlord, or others, had concerning them?
To start with, the plaintiffs had lived in the apartment for about one month and travelled the passageway several times daily. The husband had traversed the passage just twenty minutes prior to the wife’s fall. The plaintiffs specifically testified that neither of them had ever seen any pebbles upon the floor at any time prior to the wife’s fall.
A tenant user of the hallway testified that he. had never seen any rocks upon the hallway floor. The wife’s co-employee and friend testified that she visited the wife at her apartment several times prior to the fall and never noticed any rocks in the passageway. She stated that she did see rocks upon the floor when she brought the wife home later in the day after her fall. Mr. Gottleib, of the defendant corporation which owned the apartment building, said he had never seen or been aware of any accumulation of gravel or pebbles on any of the passageways prior to plaintiff’s claim. The husband testified that after the fall he observed that when it rained that rock, which was part of the roofing material, would fall and accumulate in the uncovered halls, stairways and grounds. However, there was no testimony or evidence that any rocks or pebbles had been seen by anyone on the floor in question at any time prior to the wife’s fall.
It is clearly necessary to prove that the landlord had actual or constructive knowledge or notice of the existence of the dangerous condition for a time sufficient for same to be remedied. 52 C.J.S. Landlord and Tenant § 417(2); 23 Fla.Jur., Negligence, § 46.
In Gross v. Hatmaker, Fla.App.1965, 173 So.2d 158, it was held that an injured party who slipped and fell must prove the owner or lessor created the condition or he had knowledge of the condition and failed to remedy it, or the condition existed a sufficient period of time that he should have had constructive notice of the existence of the defective condition. Also see Grand Union Supermarkets, Inc. v. Griffin, Fla.App.1963, 156 So.2d 788; Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5.
Plaintiffs argue that they have produced circumstantial evidence adequate to support the jury’s verdict. They base it upon the testimony that after the fall it was noticed that upon occasion when it rained rocks would wash off the roof into the area; that the weather records reflect instances of rain during the month in question; the testimony of plaintiffs that they had not witnessed any hall maintenance during their tenancy; and the testimony of defendant’s maintenance man that there were gaps in his cleaning schedule.
 We, of course, know that circumstantial evidence may be the basis of recovery. A fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct evidence. Nielsen v. City of Sarasota, Fla.1960, 117 So.2d 731. Circumstantial evidence is based upon inferences drawn from established facts and inferences based upon inference will not be permitted unless the “basic inference is established to the exclusion of any other reasonable theory should another be drawn from it.” Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403.
*60 Also, the Supreme Court said in Voelker, supra, at p. 406:
“Of course if none of the inferences on the one hand accords with logic and reason or human experience, while on the other hand an inference which does square with logic and reason or human experience is deducible from the evidence, the question is not for the jury but is one of law for the court.”
Here, however, any inference that rain washed rocks from the roof which accumulated on the floor where they existed for a time sufficient to put the defendant upon notice is dispelled as a matter of law in the face of the testimony that such accumulation did not exist. In other words, in the light of the criteria established by the Voelker case, supra, while there may be an inference that rain would wash down such rocks, such does not exclude another more reasonable theory that such did not happen in this instance inasmuch as it was not seen by those daily users who, it may be theorized, would have seen it had it existed. Frederich’s Market, Inc. v. Knox, Fla. 1943, 66 So.2d 251.
In the instant case there was direct evidence that the pássageway where Mrs. Verne was injured was in regular use, and prior to her fall there was uncontradicted direct evidence that none of the witnesses who used the passageway (including Mrs. Verne) and who testified had seen any accumulation of rocks. Conclusively, it appears that when there is direct evidence that proves the contrary, the inferences from circumstantial evidence must evaporate.
In summary, it was not established that defendant had actual or constructive knowledge of the dangerous condition and hence the case should not have been submitted to the jury.
The final judgment is reversed and the case remanded to the trial court with instructions to enter a directed verdict for the defendant.
Reversed.
McCAIN, J., concurs.
TROWBRIDGE, C. PFEIFFER, Associate Judge, dissents.