234 So.2d 132 (1970)
Lena LITTLE and Alfred Little, Appellants,
v.
PUBLIX SUPERMARKETS, INC., a Florida Corporation, Appellee.
No. 69-228.
District Court of Appeal of Florida, Fourth District.
April 17, 1970.
*133 John H. Lewis of Meyer, Leben, Fixel & Gaines, Hollywood, for appellants.
Dieter K. Gunther of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee.
McCAIN, Judge.
Plaintiffs, Lena Little and Alfred Little, appeal a final judgment upon directed verdict for the defendant. We reverse.
Mrs. Little fractured her ankle while shopping in defendant's well lit supermarket. She slipped and fell on a clear liquid which was on the floor. During the time she was in the aisle where her fall occurred, she saw or heard no one except a woman with whom she spoke for some 15-20 minutes. She heard nothing drop, break or spill. After her conversation and as she proceeded down the aisle, Mrs. Little did not look straight ahead but glanced at the shelves of groceries to see what she needed. Upon encountering the liquid on the floor, which was not noticed by her, she fell.
The power to direct a verdict should be exercised with caution, and it should never be granted unless the evidence is of such a nature that under no view which the jury might lawfully take of it, favorable to the adverse party, could a verdict for the latter be upheld. The movant admits every reasonable inference that a jury might fairly and reasonably arrive at favorable to the adverse party. Burch v. Strange, Fla.App. 1961, 126 So.2d 898.
Defendant's motion for a directed verdict was based on the assertion that there was no evidence to show that the store had actual notice of the condition of the floor or to infer that the liquid had been there long enough that the store should have known of its presence.
The record substantiates that Mrs. Little stood at the entrance of the aisle for 15-20 minutes and neither observed or heard anyone in the aisle nor heard any breaks or spills. A permissible inference to draw from this is that no one was in that aisle and thus the liquid had to have been there at least 15-20 minutes.
An inference is a permissible deduction from the evidence which the jury may reject or accord such probative value as it desires, 53 Am.Jur., Trial, § 186, and it is descriptive of the factual conclusion that *134 a jury may draw from sufficient circumstantial evidence. Busbee v. Quarrier, Fla. App. 1965, 172 So.2d 17.
Furthermore, an inference may be founded upon an inference when no contrary reasonable inference may be indulged. Fideli v. Colson, Fla.App. 1964, 165 So.2d 794.
In Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638, our sister court stated:
"Circumstantial evidence certainly may be relied upon as a basis for recovery in civil actions. Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908. The rule is clear, however, that the inference of the existence of an essential fact to be drawn from circumstantial evidence cannot be made the basis of a further inference of an essential, unless it can be said that the initial inference was established to the exclusion of any other reasonable inference.

"* * *
"In civil cases if the proved circumstances justify an inference pointing to an essential fact which inference outweighs all reasonable inferences to the contrary, it can then be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Tucker Brothers, Inc. v. Menard, supra. However, the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41." (Emphasis added.)[1]
In this case, once the inference has been drawn that no one else was in the aisle for 15-20 minutes, (during which nothing dropped, broke or spilt) there is no other reasonable inference to indulge in than that the liquid was on the floor for at least 15-20 minutes prior to the fall. We consider this time could be deemed sufficient for the defendant to be charged with knowledge of the condition and a reasonable time in which to correct it.[2]
These matters were for the jury to determine, and, accordingly the lower court erred in directing the verdict against plaintiffs.
For these reasons, the final judgment is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
WALDEN and REED, JJ., concur.
NOTES
[1] The inference upon inference rule is not applicable in all cases and does not apply where the prior or basic inference is established to the exclusion of any other reasonable theory. Belden v. Lynch, Fla.App. 1961, 126 So.2d 578.
[2] See Winn-Dixie Stores, Inc. v. Miller, Fla.App. 1969, 220 So.2d 680; 65 C.J.S., Negligence § 5(9).