254 So.2d 831 (1971)
Esther S. FRIEDMAN and Reuben Friedman, Husband and Wife, Appellants,
v.
BISCAYNE RESTAURANT, INC., a Florida Corporation, d/b/a Juniors' Restaurant, and or Juniors' Inc., a Florida Corporation, d/b/a Juniors' Restaurant, Appellees.
No. 71-253.
District Court of Appeal of Florida, Third District.
November 16, 1971.
Rehearing Denied December 14, 1971.
Frates, Floyd, Pearson & Stewart, James D. Little and Jon I. Gordon, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and L. Kenneth Barnett, Miami, for appellees.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Plaintiffs appeal a final judgment entered pursuant to a directed verdict in favor of the defendants.
The plaintiff wife sustained personal injuries when she slipped and fell in the defendant's restaurant on a slippery foreign substance on the floor as she was being led by the hostess to a table where the plaintiffs were to have dinner. The complaint charged that defendants were negligent in that they negligently and carelessly maintained the floor area of the restaurant by placing on, or allowing a foreign substance to gather on, the floor, making it dangerous and unsafe for patrons to walk to their tables. It was further charged that the dangerous condition was known, or should have been known, to the defendant and that the defendant was negligent in failing to warn plaintiff wife of the dangerous condition.
Defendants denied the allegations of negligence and affirmatively charged that plaintiff's injuries were caused by her own negligence.
The cause was set for jury trial. However, prior to the commencement of the plaintiff's case, counsel for plaintiffs and defendants conferred with the trial judge and plaintiff's counsel represented to the court that the testimony at trial would be the same as that contained in the depositions. It was thereupon stipulated by counsel that the court entertain and decide a motion for directed verdict by the defendants on the basis of the testimony in the depositions. The court granted the motion for directed verdict on the ground that there was no evidence or reasonable inference therefrom to support plaintiffs cause of action, and the jury could not lawfully return a verdict for the plaintiffs.
We have carefully considered the record, briefs and arguments of counsel and have concluded that the trial judge was correct in granting the motion for directed verdict in favor of the defendants. The evidence failed to show how the foreign substance *832 got on the floor, how long it had remained on the floor or whether the defendants knew or should have known it was on the floor.
We agree with the trial judge that there was no evidence or reasonable inferences to support a verdict for the plaintiffs. Carl's Market v. Meyer, Fla. 1953, 69 So.2d 789; Food Fair Stores v. Patty, Fla. 1959, 109 So.2d 5, overruled on other grounds Visingardi v. Tirone, Fla. 1966, 193 So.2d 601.
For the reasons stated the judgment appealed is affirmed.
Affirmed.