264 So.2d 862 (1972)
WINN DIXIE STORES, INC., a Florida Corporation, and Fidelity & Casualty Company of New York, a Corporation, Appellants,
v.
Ruby WILLIAMS, Appellee.
No. 71-1233.
District Court of Appeal of Florida, Third District.
July 25, 1972.
*863 Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellants.
Horton, Schwartz & Perse, Welsh & Carroll, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of a final judgment entered upon a $7,500 jury verdict for plaintiff-appellee in this typical "slip and fall" case.
The record on appeal reveals that plaintiff, Ruby Williams, a sixty-two year old woman, was a customer in a grocery store owned and operated by defendant, Winn Dixie Stores, Inc., and had apparently completed her shopping and placed her cart in the checkout lane when she realized she had forgotten to pick up a steak. Plaintiff received permission from the cashier to leave her cart in line while she retrieved the remaining item on her list. After securing her steak and while returning to the checkout lane, plaintiff slipped through a sticky substance on the aisle floor, from which fall she sustained injuries. Defendant's manager said he had inspected the aisle floor in the area where plaintiff fell fifteen to twenty minutes prior to the accident and saw no hazardous condition. The cause proceeded to trial and resulted in a verdict for plaintiff, and following the denial of defendants' timely post trial motions this appeal follows.
Defendants, relying on Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, contend that the established slip and fall rule in Florida is that if a dangerous condition exists on the floor in an area open to the public, the owner or occupant of the property will not be held liable for ensuing injuries if the record fails to show how the condition was created, the length of time the condition existed before the accident or whether the store or some other agency was responsible for the condition. While this is the general rule, a defendant owner or occupant of a store may still be held liable for injuries if the dangerous condition on the floor existed for a sufficient length of time to charge defendant with constructive knowledge. Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789; Haley v. Harvey Building, Inc., Fla.App. 1964, 168 So.2d 330. Proof that a dangerous condition existed long enough so that it should have been discovered by the owner defendant may be proved like any other fact, by circumstantial evidence. Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589.
Two factors in the case sub judice can be relied upon to circumstantially prove that the hazardous condition which caused plaintiff's injury existed long enough to charge defendants with constructive knowledge. First, plaintiff and another witness testified that the substance on the floor through which plaintiff fell was sticky, dusty and dirty. This indicates that the substance was present on the floor for a sufficient period of time to constitute notice. Winn-Dixie Stores, Inc. v. Burse, Fla.App. 1969, 229 So.2d 266. Second, defendant's manager stated he made periodic inspections by walking through the store to check for any irregularities such as dangerous floor conditions and security matters, *864 as well as other possible hinderances and impediments to the shoppers. The manager stated he had gone through the aisle in which plaintiff fell fifteen to twenty minutes before the accident occurred. We conclude, therefore, that the substance was in the aisle for 15-20 minutes prior to the accident. That is not to say that it could not have been there longer if the manager had not seen it during his inspection.
We consider the period of time the substance remained on the floor, at least fifteen to twenty minutes, to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it. Little v. Publix Supermarkets, Inc., Fla.App. 1970, 234 So.2d 132.
In defense of this lawsuit defendants claimed that plaintiff was contributorily negligent in failing to observe the obvious danger that existed in the aisle at the time the accident occurred. The question of contributory negligence is whether plaintiff used due care for her own safety taking into account all the circumstances, of which the visibility of the object encountered is an important one but still only one of the circumstances. City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278; McRae v. Winn Dixie Stores, Inc., Fla. App. 1969, 227 So.2d 214. A customer has a right to assume premises are safe and it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. Sagesser v. Sears, Roebuck and Co. (5th Cir.1956), 230 F.2d 806. Contributory negligence is normally a question for the jury and only when there is no basis upon which a plaintiff should be permitted to recover by virtue of her own negligence is a court justified in taking a cause from the jury on a plea of contributory negligence. Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla. App. 1961, 135 So.2d 6. Based on the above the trial court did not err in denying defendants' motion for directed verdict based upon contributory negligence.
We have examined defendants' remaining points on appeal and find them to be without substantial merit. Accordingly, the judgment of the lower court should be and is affirmed.
Affirmed.