284 So.2d 490 (1973)
Iris MARLOWE and Howard Marlowe, Her Husband, Appellants,
v.
FOOD FAIR STORES OF FLORIDA, INC., a Florida Corporation D/B/a Food Fair Stores, Appellee.
No. 73-68.
District Court of Appeal of Florida, Third District.
October 9, 1973.
Rehearing Denied November 20, 1973.
*491 William M. Moran and Richard M. Gale, Miami, for appellants.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal to review a final judgment entered on a directed verdict in favor of the defendant, Food Fair Stores, in an action for damages against the defendant as a result of injuries sustained by the plaintiff-wife in a slip and fall accident.
It appears from the evidence that while Mrs. Marlowe was shopping in one of defendant's grocery stores she asked the assistant manager if toilet facilities were available for her use. He directed her to go through two swinging doors behind the meat counter where she would find stairs leading to the lounge. She reached the lounge by climbing a flight of twenty steps. There was a landing between the bottom five and the top fifteen steps. She did not observe any foreign substance or debris on the stairs on her way up, but upon descending the stairs about three minutes later she slipped on something and her shoe slid off her foot causing her to fall and injure herself. She was not able to state with certainty what caused her to slip, but thought that it was a piece of black looking rotten banana about the size of a fifty-cent piece.
The lavatory and lounge were used by about forty store employees and occasionally by customers. The area on the first floor next to the stairs was used as a grocery storage room and was quite dirty.
The store porter had swept the stairs about an hour and thirty minutes before Mrs. Marlowe fell. He had not swept the adjoining area. When he learned of the fall he inspected the steps but found no foreign material present. There was no direct evidence submitted as to how the material which Mrs. Marlowe said she *492 slipped on got on the stairs or how long it had been there.
It is appellant's contention that the trial court erred in directing a verdict for the defendant since plaintiffs' evidence was sufficient to make a prima facie case that entitled them to have the issues submitted to a jury for determination.
Appellee urges affirmance of the judgment based on the directed verdict. In support thereof it argues that plaintiffs have failed to carry their burden of proving a prima facie case of negligence against the defendant in that the evidence failed to show that the foreign substance was placed on the stairs by the defendant or its agents. Neither was it shown that the foreign matter was placed on the stairs by someone other than the defendants or its agents and that the defendant had actual knowledge of the presence of the foreign substance or that the condition existed for such a long period of time that defendant had constructive knowledge of its presence.
Appellee contends that the judgment should be affirmed on such authority as Food Fair Stores, Inc. v. Trusell, Fla. 1961, 131 So.2d 730; Friedman v. Biscayne Restaurant, Inc., Fla.App. 1971, 254 So.2d 831; Bates v. Winn-Dixie Supermarkets, Inc., Fla.App. 1966, 182 So.2d 309; Winn-Dixie Stores, Inc. v. Manning, Fla.App. 1962, 143 So.2d 339. We cannot agree.
The established rule in this state is that if the dangerous condition of the premises is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under those circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789.
In passing on a motion for a directed verdict the trial court must resolve all conflicts in the evidence in favor of the opponent and view the evidence and reasonable inferences therefrom in the light most favorable to the opponent. Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589; Winn-Dixie Stores, Inc. v. Burse, Fla.App. 1969, 229 So.2d 266; Lee v. The Southland Corporation, Fla.App. 1971, 253 So.2d 268; Montgomery v. Florida Jitney Jungle Stores, Inc., Fla. 1973, 281 So.2d 302.
The power to direct a verdict in a slip and fall case should be exercised with caution, and it should never be granted unless the evidence is of such a nature that under no view which the jury might lawfully take of it, favorable to the adverse party, could a verdict for the latter be upheld. Little v. Publix Markets, Inc., Fla. App. 1970, 234 So.2d 132; First Gulf Beach Bank & Trust Company v. Alvarez, Fla.App. 1969, 227 So.2d 745.
In Montgomery v. Florida Jitney Jungle Stores, Inc., supra, a slip and fall case which was decided after entry of the judgment by the trial court in the instant case and which was factually similar, our Supreme Court, in quashing a decision of the First District Court of Appeal, stated:
"There are a number of Florida cases holding that a store owner is not liable for injuries sustained by customers who slipped and fell as a result of a foreign substance on the floor, when the customers cannot prove how the foreign substance got on the floor, or who put it there, or how long it had been there. In each of these cases, however, when the facts are carefully analyzed, there is no proof, either direct or circumstantial that would give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence."
*493 Our review of the record on appeal in the instant case convinces us that sufficient proof, albeit circumstantial in nature, existed to require the trial court to submit the issues as to defendants' negligence to a jury.
The testimony reveals that the area in question had been swept about an hour and a half prior to plaintiff's mishap. The surrounding area admittedly was dirty, and defendant's porter could not remember spotting any other customer in the area between the time in which he swept and plaintiff's accident. Apparently, the stairway also was not inspected during this interval.
This evidence, coupled with the fact that defendant's own employees exclusively occupied this area which was made available to customers, may have been sufficient for the jury to infer that the substance which caused plaintiff's fall had been on the floor a sufficient length of time to charge defendant with constructive knowledge.
This court recently held that a sticky substance on the floor in the actual shopping area of a store, which area had gone uninspected for fifteen or twenty minutes, was enough to put the store on notice. Winn Dixie Stores, Inc. v. Williams, Fla. App. 1972, 264 So.2d 862. Likewise, in the Montgomery case, the Supreme Court held that a fifteen minute period of time was sufficient to charge constructive knowledge. See also, Jenkins v. Brackin, supra (fifteen or twenty minutes); Little v. Publix Supermarkets, Inc., supra (fifteen or twenty minutes); Winn-Dixie Stores, Inc. v. Burse, supra (an hour and a half).
Therefore, we must hold that the trial court erred in granting the defendant's motion for directed verdict at the close of plaintiffs' case.
The judgment appealed is reversed.
Reversed.