327 So.2d 893 (1976)
Lizann McDANIEL, Appellant,
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., Appellee.
No. 75-419.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied March 3, 1976.
*894 Wolfson, Diamond & Logan, and Elliott H. Lucas, Miami Beach, for appellant.
Adams, George, Wood, Lee & Schulte, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, plaintiff below, appeals from a final judgment and order of the trial court granting appellee's, defendant below, motion for a directed verdict and denying appellant's motions to set aside the verdict, for a new trial, and objections to the proposed final judgment.
Appellant filed an amended complaint against appellee seeking damages for personal injuries caused by a fall on the premises of appellee's grocery store. The case was brought to trial on February 24, 1975, and at the close of appellee's case, the trial court granted its motion for a directed verdict. On February 28, 1975, the trial court entered its final judgment directing a verdict in favor of appellees. Thereafter, at a hearing held on March 13, 1975, the trial court denied appellant's motions to set aside the verdict, for a new trial, and objections to the proposed final judgment. On March 17, 1975, the trial court entered its order denying appellant's motions. From the final judgment and order, appellant brings this appeal.
Appellant contends that the trial court erred in entering the final judgment and order and raises the following points on appeal: (1) whether there was introduced at the trial sufficient evidence, or sufficient reasonable inferences which may be drawn from the evidence, which would support a jury verdict in favor of appellant, (2) whether a witness may specifically describe an area he has directly observed, and (3) whether the trial court erred in striking out that part of appellant's testimony which it appears to have stricken on page 446 of the transcript.
Appellee contends that the trial court did not err in directing a verdict in its favor because appellant failed to show how the liquid, in which appellant slipped and fell, came to be on the floor or how long it had been on the floor before her accident.
This court in Marlowe v. Food Fair Stores of Florida, Inc., Fla.App. 1973, 284 So.2d 490, set forth at page 492 the basic rule concerning the duty of a food store to one of its patrons as follows:
"The established rule in this state is that if the dangerous condition of the premises *895 is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for a sufficient length of time that the owner should have known of it, then under those circumstances the owner may be held liable for ensuing injuries."
See also Montgomery v. Florida Jitney Jungle Stores, Inc., Fla. 1973, 281 So.2d 302; and Winn Dixie Stores, Inc. v. Williams, Fla.App. 1972, 264 So.2d 862. Based upon the rule set forth in Marlowe, supra, an essential element of the gravamen of appellant's cause of action, in the appeal sub judice, was to show whether the liquid, on which appellant alleges she slipped, was put on the floor of appellee's store by its agent or servant, or if it had been on the floor for a sufficient period of time to charge appellee with constructive knowledge of its presence.
In considering the propriety of a directed verdict for a defendant the trial court is required to evaluate the testimony in the light most favorable to the plaintiff and every reasonable intendment deducible from the evidence must be indulged in the plaintiff's favor. Jacobs v. Harlem Cab, Inc., Fla.App. 1966, 183 So.2d 552; and McKenzie v. Atlantic Manor, Inc., Fla. App. 1965, 181 So.2d 554. Applying this standard to the appeal, sub judice, we hold that the trial court did not err in granting a directed verdict in favor of appellee because appellant neither showed proof that the liquid in which she slipped was put on the floor of appellee's store by its agent or servant nor if it was on the floor long enough to charge appellee with constructive knowledge of its presence at the time of her accident. Absent such proof, appellant failed to establish an essential element of the gravamen of her cause of action. Further, we hold that the other points raised on appeal by appellant are without merit.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law and have concluded that no reversible error has been demonstrated. Therefore for the reasons stated and upon the authorities cited, the final judgment and order appealed are affirmed.
Affirmed.