468 So.2d 1111 (1985)
Regine EVENS, Appellant,
v.
EASTERN AIR LINES, INC., a Corporation, Appellee.
No. AZ-323.
District Court of Appeal of Florida, First District.
May 21, 1985.
R.J. Beckham of Beckham & McAliley, P.A., Jacksonville, for appellant.
Robert C. Gobelman of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
MILLS, Judge.
Evens appeals the entry of a final summary judgment on behalf of Eastern. We affirm.
Evens filed suit against Eastern following a "slip and fall" incident which occurred after she boarded an Eastern flight. She alleged negligence in failure to protect passengers from slippery substances in the galley area, to keep the area safe, to inspect for dangerous conditions, and to erect warning devices or station personnel around the area to warn of the dangerous condition.
Evens testified in a deposition taken by Eastern that she saw nothing on the floor prior to her fall, and did not look on the floor afterwards. Therefore, she could not explain what caused her fall, only that she felt "something wet" while on the floor.
Following this deposition, Eastern moved for summary judgment, alleging that Evens failed "to demonstrate that [Eastern] *1112 had actual or constructive knowledge of the alleged foreign substance on which [Evens] allegedly slipped and fell." Four affidavits were attached from the flight attendants assigned to the flight. They all similarly averred that, as is customary, the plane had been inspected for debris and hazards immediately before the incident, between the de-embarkation of previous passengers and the boarding of the group which included Evens. The inspection revealed nothing. None of the attendants observed the alleged fall. Evens filed no opposing affidavits, and the motion was granted.
In order to recover for injuries in a "slip and fall" accident, the plaintiff must show either actual notice of the dangerous condition or that the condition existed for such a length of time that in the exercise of ordinary care the owners should have known of it and taken action to remedy it or to guard the plaintiff from harm therefrom. Nance v. Winn-Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983). The latter standard, known as "constructive notice," may be proved by circumstantial evidence. Nance; Camina v. Parliament Insurance Company, 417 So.2d 1093, 1094 (Fla. 3d DCA 1982).
Although it is true that summary judgment proceedings should be applied with special caution in negligence actions, Holl v. Talcott, 191 So.2d 40 (Fla. 1966), when there is no conflict over any genuine material issue of fact, summary judgment is appropriate. Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959).
The material issue herein is, of course, the existence of actual or constructive notice that the dangerous condition, a slick spot, was present. Uncontroverted affidavits negate the existence of actual notice, since no spot was observed. With regard to constructive notice, no facts whatever exist indicating the length of time the unidentified spot was present, such as dirt, footprints or the like. See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973) (leaf was wilted, dirty); Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976) (substance was thawed frozen orange juice, indicating time enough to thaw).
Therefore, because the record is completely devoid of any evidence, either direct or circumstantial, directed to Eastern's notice of the dangerous condition, no negligence was shown and summary judgment was proper.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.