472 So.2d 891 (1985)
Helen O. KOLOSKY and Kenneth J. Kolosky, Her Husband, Appellants,
v.
WINN DIXIE STORES, INC., Appellee.
No. 84-2282.
District Court of Appeal of Florida, Fourth District.
July 24, 1985.
*892 John J. Pine of Fetterman & Associates, North Palm Beach, for appellants.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
HERSEY, Chief Judge.
Helen and Kenneth Kolosky, plaintiffs below, appeal the trial court's final judgment directing a verdict in favor of Winn Dixie Stores, Inc. We reverse.
The Koloskys sued Winn Dixie, alleging negligence in failing to maintain its premises in a safe condition  specifically, in permitting three children to run unrestrained through the store  resulting in injury to Mrs. Kolosky. The complaint included a derivative claim by Mr. Kolosky.
The case was tried before a jury. Mrs. Kolosky testified that on December 4, 1980, she and her husband went shopping in a Winn Dixie store in Okeechobee, Florida. They were in the store thirty to forty-five minutes. When the Koloskys first entered the store, a woman carrying a baby and accompanied by three little boys (whom Mrs. Kolosky estimated were all under the age of six) entered just ahead of them. On several occasions over the course of the next half hour or more, she observed the three boys running through the store playing tag. She also saw a number of Winn Dixie employees stocking shelves in various aisles. This testimony was corroborated by Mr. Kolosky.
As the couple waited in the checkout line, Mrs. Kolosky realized she had forgotten to get coffee, proceeded to the coffee aisle, and started back to the checkout line. As she reached the end of the aisle, the three boys ran around the corner and knocked her down.
The store manager, James Addison, testified that there were six employees stocking the ten aisles of the store on the day in question. They all denied having observed the children running in the store.
The jury awarded $80,000 to Mrs. Kolosky and $20,000 to Mr. Kolosky, to be reduced fifty percent because of Mrs. Kolosky's own negligence. Winn Dixie renewed its motion for directed verdict on which the trial judge had previously reserved ruling. The trial court in its final judgment granted Winn Dixie's motion, finding in pertinent part, as follows:
(1) The injury sustained by Plaintiff was not the proximate cause of the purported negligent act of Defendant, and at most any such act amounted only to a remote cause of said injury; and further as to Plaintiff's injury, there is an independent *893 intervening cause not foreseeable and the probable consequence of any wrongful actions of the Defendant. See Cone v. Inter County Telephone and Telegraph Company, 40 So.2d 148 (Fla. 1949); Guice v. Enfinger, 389 So.2d 270 (Fla. D.C.A. 1 1980); Fellows v. Citizens Federal Savings and Loan, 383 So.2d 1140 (Fla. D.C.A. 4 1980).
Where "the issue on appeal is the propriety of granting a directed verdict, [the appellate court] must view the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the [non-moving parties] and all conflicts in the evidence must be resolved in their favor." Burmeister v. American Motorists Insurance Co., 403 So.2d 541, 542 (Fla. 4th DCA 1981) (citation omitted). In slip and fall cases, Florida courts take the position that "[t]he power to direct a verdict ... should be exercised with caution, and it should never be granted unless the evidence is of such a nature that under no view which the jury might lawfully take of it, favorable to the adverse party, could a verdict for the latter be upheld." Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490, 492 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 205 (Fla. 1974) (citations omitted). The instant case is analogous to a slip and fall. Both involve dangerous conditions on store premises; the former, children running unsupervised through the aisles of a supermarket and the latter, an object or substance on the floor. The same potential for harm exists in both situations: that a business invitee's contact with the dangerous condition will result in injury.
The proprietor of a business owes a duty to invitees to protect them from reasonably foreseeable risks. "Foreseeability may be established ... by proving that the proprietor had actual or constructive knowledge of a dangerous condition on his premises that was likely to cause harm to a patron." Hall v. Billy Jack's, Inc., 458 So.2d 760, 761 (Fla. 1984) (citation omitted). A store may be held liable on the basis of constructive notice if "the condition is one which has existed for sufficient length of time that the owner should have known of it ...," regardless of whether it was created by a store employee or by an outsider. Marlowe, 284 So.2d at 492.
In Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972), the court affirmed judgment in favor of plaintiff in a slip and fall case where the evidence indicated that the sticky substance on which plaintiff slipped had been on the floor for fifteen to twenty minutes prior to the accident. The court stated that "[w]e consider the period of time the substance remained on the floor ... to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it." Id. at 864 (citation omitted). The Marlowe court cited Williams and also gave examples of other cases in which a similar period of time was held sufficient to give constructive notice of a dangerous condition: Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973) (fifteen minutes); Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970) (fifteen or twenty minutes); Jenkins v. Brackin, 171 So.2d 589 (Fla. 2d DCA 1965) (fifteen or twenty minutes).
In the instant case, evidence was adduced that the three children were observed running unsupervised through the store aisles several times over the course of approximately thirty to forty-five minutes. Winn Dixie had six employees stocking shelves at the time, and the store manager was present as well. This is sufficient to support a finding of constructive notice of the dangerous condition and a reasonable opportunity to correct it.
Although no Florida cases directly on point have been located, appellants cite an Oklahoma case which is substantially on all fours. In Fleming v. Allied Supermarkets, Inc., 236 F. Supp. 306 (W.D.Okla. 1964), a five-year-old who was running unsupervised through a supermarket pushing a cart in which his two-year-old sister was riding ran into the plaintiff and knocked her down. Plaintiff's husband testified that he had observed the child running with the cart several times over a thirty-minute *894 period and he also saw the child pass store employees. The assistant store manager indicated that he saw the child, who was not running at the time, and asked him to slow down but took no other action to correct the situation. In holding the store liable, the court found as follows:
The Court believes and finds from the evidence that for a period of from a minimum of 11 minutes to a maximum of 30 minutes a small five-year-old child was pushing a grocery cart with a two-year-old child in the basket and was running or trotting with the same through the aisles and passageways of the defendant's store; that this amounted to a dangerous condition in the store to the safety of the customers of the defendant; that this dangerous condition was actually known to and observed by employees of the defendant prior to the accident herein, but if not known, existed over such a period of time in plain view that in the exercise of ordinary care the same should have been known and eliminated by the defendant; that the defendant did nothing to eliminate this dangerous condition after both actual and constructive notice thereof but permitted it to exist and did nothing to warn the plaintiffs of such dangerous condition existing in the aisles and passageways of its store; that as a result the plaintiffs were damaged because of such dangerous condition.
Id. at 308-309. The court recognized that the store was not an insurer of the safety of its customers, but noted that it did have a duty to "exercise ordinary care to keep the aisles and passageways in its store ... in a reasonably safe condition ... ." and this includes eliminating dangerous conditions "of which the storekeeper had actual or constructive notice." Id. at 309.
See also Bragg v. Warwick Shoppers World, Inc., 102 R.I. 8, 227 A.2d 582 (1967) (complaint stated a cause of action where it alleged plaintiff was injured by a fishing pole protruding from shopping cart which store knew or should have known was being pushed through store by young child).
Appellee cites a number of cases in which a store or other business was found not to be liable for injuries inflicted on one patron or customer by another. These cases are distinguishable because each involves a sudden, unexpected action by the tortfeasor where there was no prior indication that the tortfeasor was engaging in the type of conduct which caused the injury. Under such circumstances the business does not have actual or constructive knowledge of the existence of a dangerous condition, nor does it have any opportunity to correct it. See Heps v. Burdine's, Inc., 69 So.2d 340 (Fla. 1954); Crown Liquors of Broward, Inc. v. Evenrud, 436 So.2d 927 (Fla. 2d DCA 1983), rev. denied, 447 So.2d 886 (Fla. 1984); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla. 1970); Elmore v. Sones, 140 So.2d 59 (Fla. 2d DCA 1962).
Prior to the adoption in Florida of the doctrine of comparative negligence, a plaintiff was barred from recovery where the dangerous condition was obvious or actually known to the plaintiff. See Earley v. Morrison Cafeteria Co. of Orlando, 61 So.2d 477 (Fla. 1952); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). Here, plaintiffs observed the children running through the store on several occasions prior to the accident and thus obviously knew of the dangerous condition. However, as noted by the Pittman court:
The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge. To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises in a reasonably safe condition would be inconsistent with the philosophy of Hoffman v. Jones, 280 So.2d 431 *895 (Fla. 1973), that liability should be apportioned according to fault.
Id. at 1193-94 (footnotes omitted).
The rule now is that:
a "business invitee," who is injured by a hazardous condition existing on land owned by another is no longer barred from recovery because of his equal or even superior knowledge of the hazard, where the landowner knew or should have known of the condition and failed to keep the premises in good repair.
Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074, 1075 (Fla. 5th DCA 1980) (citations omitted). Rather than acting as a complete bar to recovery, Mrs. Kolosky's knowledge presents an issue of comparative negligence. Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980). See also Hylazewski v. Wet 'N Wild, Inc., 432 So.2d 1371 (Fla. 5th DCA 1983); Passaro v. City of Sunrise, 415 So.2d 162 (Fla. 4th DCA 1982). We note that the jury found Mrs. Kolosky to be fifty percent negligent, quite possibly because of her knowledge regarding the children's reckless conduct.
As noted above, the trial court found defendant's negligence to be only a "remote cause" of plaintiff's injury and that there existed an unforeseeable independent intervening cause (presumably the actions of the children). We respectfully disagree with the trial court's reasoning.
As this court pointed out in Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981):
An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3rd DCA 1976).
401 So.2d at 1117.
In Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983), the Florida Supreme Court adopted the reasoning of Crislip and found that a tavern owner has a duty to maintain order among his patrons; that the risk of harm must be foreseeable; and that the requirement of foreseeability may be met "by proving that the proprietor knew or should have known of the dangerous propensities of a particular patron." 436 So.2d at 34 (citation omitted). The court then extended the rule to hold that even where there was no knowledge of the dangerous propensities of the particular person who caused the injuries, "that there is a likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons is also sufficient to establish foreseeability." Id. at 35 (citations omitted).
In the instant case it is unnecessary to apply the extension of the rule since the facts fit squarely within the ambit of the rule itself. It is undisputed that Winn Dixie had a duty to its customers to maintain its store premises in a reasonably safe condition. A dangerous condition was created by the activities of the three boys of which the store should have been aware. Under Stevens, this is a sufficient showing that the risk of harm was foreseeable.
Further, although it is not necessary that the specific type of injury which occurred be foreseeable, but just that some injury would occur, in the instant case exactly that type of injury which is foreseeable from children running unrestrained through a store did in fact occur: they ran into a customer and knocked her down.
We distinguish the cases cited by the trial court in support of its final judgment. In Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949), a *896 truck driver employed by defendant negligently collided with a gasoline truck and also caused damage to nearby telephone lines. A telephone repairman who arrived thirty to forty minutes later was injured when the gasoline truck exploded. In a suit by the repairman against the employer of the truck driver whose negligence originally caused the accident, the court found defendant not liable because plaintiff's injuries were not the reasonable and probable result of the driver's negligence. In contrast, Mrs. Kolosky's injuries directly resulted from defendant's negligence in allowing children to create a danger to her by running through the store playing tag. As set forth above, the probable result of the maintenance of this dangerous condition on defendant's premises was that a shopper would be injured in exactly the manner that plaintiff was injured.
In Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980), the court found that even if the sheriff's office was negligent in failing to remove a belt from an inmate, it was not liable for his death by hanging himself with the belt where there was no prior indication of suicidal tendencies. This is not unlike the cases referenced above, cited by appellee, where one business invitee injured another by a sudden, unexpected action which could not have been anticipated. In the instant case, however, the evidence was sufficient to charge Winn Dixie with constructive knowledge of the misconduct of the children and the potential for harm it created.
In the final case cited by the trial court, Fellows v. Citizens Federal Savings & Loan Association of St. Lucie County, 383 So.2d 1140 (Fla. 4th DCA 1980), this court found the negligent design of a driveway, if any, was not the proximate cause of plaintiff's injury where she was struck by a truck which ran a red light. Since even the safest driveway would not have prevented the accident, it could not be said that "but for [defendant's negligent] act the injury would not have occurred." Id. at 1141 (citation omitted). In the instant case the opposite is true. Had Winn Dixie eliminated the dangerous condition from its premises, plaintiff would not have been knocked down.
We reverse the final judgment of the trial court and remand for entry of judgment in accordance with the jury verdict.
ANSTEAD and DELL, JJ., concur.