CAMPBELL, Judge.
These consolidated appeals arise from a jury verdict which awarded the plaintiff below, Roy Vernal (Vernal), $2200 in compensatory damages and $7800 in punitive damages against the defendant below, Southland Distributing Company of St. Petersburg, a Florida corporation (Southland).
In Case No. 85-2863, Southland as appellant appeals the final judgment and the denial of its motions for a directed verdict and a judgment notwithstanding the verdict. In Case No. 85-2923, Vernal appeals the denial of his motion for additur in the amount of $10,000. In Case No. 85-2863, we reverse in favor of Southland and remand with instructions that a directed verdict be entered in its favor. Our disposition in favor of Southland in that appeal renders Vernal’s appeal in Case No. 85-2923 moot, and we therefore affirm in that case.
These appeals arise from a cause of action brought by Vernal on the basis of section 40.271, Florida Statutes (1981). That statute in essence provides that any person who is dismissed by his employer because of jury duty is entitled to collect compensatory and punitive damages.
Vernal was summoned to appear for jury duty beginning the week of September 20, 1982. Vernal first applied to the court to be relieved from jury duty on the basis that his company was short of workers and he was needed at the workplace. There is no evidence that anyone at Southland instigated this request, and all the evidence, including Vernal’s own testimony, supports the fact that Vernal himself initiated this request. Subsequently, Vernal requested Southland’s general manager, who was also an attorney, to assist him in being relieved from jury duty. The general manager attempted to do this and as a result engaged in a telephone conversation of an angry nature with the judge’s secretary because he was unable to speak to the judge himself.
On Friday before jury duty was to begin on Monday, Vernal engaged in an emotional and heated confrontation that included yelling and cursing between himself and the branch manager of Southland to whom Vernal was directly responsible. As a result of that conversation and confrontation which did not involve directly or indirectly Vernal’s jury duty, the branch manager testified that he determined to fire Vernal but did not communicate this to him until he returned • from jury duty on Tuesday afternoon. Subsequent to Vernal’s termination, in fact three days thereafter, he applied for unemployment compensation in which he stated that his termination was due to a “disagreement with sales manager over one of my employees.”
In October 1983, over a year later, Vernal filed suit against Southland contending he was dismissed because of his absence from work to serve jury duty. There is no evidence in this case to support Vernal’s contention that he was fired because of his jury duty except the fact that he was terminated on the Tuesday afternoon following his two days of jury service. All other evidence points to the fact that he was terminated due to the disagreement with his employer that occurred on Friday before his jury duty commenced on Monday.
*1242 No matter what ultimate decision we reach, the rule to be applied in this case is difficult to articulate in light of the case of Voelker v. Combined Insurance Co. of America, 73 So.2d 403 (Fla.1954). If we affirmed the decision of the lower court, we would be required to state that we affirmed on the basis that the pure circumstance of Vernal’s discharge during his jury service was sufficient in itself to support an inference that he was discharged because of that jury service, regardless of the fact that all other evidence and inferences therefrom indicate that he was discharged for other reasons. Voelker stands for the rule that when circumstantial evidence is relied upon in a civil case, any reasonable inference deducible from that circumstantial evidence which would authorize recovery must outweigh each and every contrary reasonable inference if the plaintiff is to prevail.
However, Voelker also states the rule to be that in such a ease, if the circumstances established by the evidence are susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable contrary inference or inferences, a jury question is presented. Thus, at first blush, an examination of the record reveals that the circumstantial evidence of Vernal’s discharge during the time he was on jury duty supports a reasonable inference that his discharge was because of that duty. A jury question would then be presented and we would be forced to allow the jury verdict to stand. However, upon a closer examination of Voelker, we conclude that in this case, we are required to examine the reasonable inferences arising from all of the evidence and determine, in light of all of the evidence, if the inferences are all equally reasonable.
Upon examination of the circumstantial evidence in this case, as well as the direct testimony presented on behalf of South-land, the inference that Vernal was terminated because of his jury duty cannot survive as a rational inference in light of the stronger inferences and other facts established by the evidence.
For us to affirm this case, we would be required to establish a rule holding that a person discharged from employment during the course of his jury duty would be entitled on that fact alone to have a jury find that the inference thus created was sufficient to support a verdict for the discharged employee and against the discharging employer regardless of the strength of the other circumstances and evidence pertaining to the discharge. We cannot support such a ruling and, therefore, reverse in favor of Southland and remand with instructions that a directed verdict be entered in Case No. 85-2863. As heretofore stated, the appeal in Case No. 85-2923 is affirmed.
RYDER, A.C.J., and SCHOONOVER, J., concur.