PER CURIAM.
Although the state of the record in this case leaves much to be desired, it unquestionably appears therefrom that (1) before the plaintiffs had had an opportunity to present all of their witnesses on the issue of the defendant’s liability, the defendant moved for a directed verdict in its favor; (2) the plaintiffs thereafter advised the court that they intended to call as a witness the plaintiffs’ young son; (3) a fair reading of the proffered testimony of the son is that his mother slipped and fell on water which he had seen on the floor of the defendant’s store ten minutes earlier when he entered the store; and (4) notwithstanding that the proffered testimony would have presented a jury question as to the defendant’s liability, that is, whether the dangerous condition was one which had “existed for sufficient length of time that the owner should have known of it,” Marlowe v. Food Fair Stores, 284 So.2d 490, 492 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 205 (Fla.1974), the trial court directed a verdict for the defendant. The implicit rejection of the proffered testimony and the ensuing entry of a directed verdict and final judgment thereon are error, and the cause is reversed and remanded for a new trial.
Reversed and remanded.