509 So.2d 977 (1987)
PUBLIX SUPER MARKETS, INC., Appellant,
v.
Dorothy M. SCHMIDT and Walter C. Schmidt, Her Husband, Appellees.
No. 4-86-1804.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
Stephen F. Radford, Jr., of Cibula, Gaunt, Pratt & Radford, West Palm Beach, for appellant.
Theresa A. DiPaola of Ricci & Roberts, P.A., West Palm Beach, for appellees.
STONE, Judge.
Defendant appeals a jury verdict in favor of a customer who was injured when she *978 slipped and fell while shopping. The accident occurred near the deli counter at the defendant's store. The plaintiff did not know what caused her to slip. She testified she saw nothing, but she thought she had slipped on grease because of the way she fell. While at the hospital, the plaintiff noticed a greasy stain on her skirt. The other witnesses, including plaintiff's husband, had seen nothing on the floor. There was, however, testimony that a Publix employee subsequently cleaned the area where the plaintiff fell. A former employee testified that, on a few other occasions, he had seen some drops or spots on the floor in that area which he believed were caused by the overfilling of gravy on an employee's food tray. However, there was no evidence of any recent spill.
This evidence, taken in the light most favorable to the plaintiff, is insufficient to support a verdict in her favor. Therefore, the trial court erred in denying defendant's motion for a directed verdict. Voelker v. Combined Insurance Company of America, 73 So.2d 403 (Fla. 1954); Marlo Investments, Inc. v. Verne, 227 So.2d 58 (Fla. 4th DCA 1969); Evens v. Eastern Airlines, Inc., 468 So.2d 1111 (Fla. 1st DCA 1985); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212 (Fla. 3d DCA 1979); McDaniel v. Great Atlantic & Pacific Tea Company, 327 So.2d 893 (Fla. 3d DCA 1976); Friedman v. Biscayne Restaurant, 254 So.2d 831 (Fla. 3d DCA 1971).
The plaintiff acknowledges that there was no proof of either actual or constructive notice. It was the plaintiff's burden to prove either direct negligence by Publix employees or notice of the condition causing the injury. Gaidymowicz, 371 So.2d at 212. Plaintiff has failed to show how the condition, if any, was created, who caused it, how long it existed, or that the store was responsible. The testimony that the condition could have been gravy caused by overfilling a tray of food for an employee was merely speculative. Regardless of whether the jury could conclude that plaintiff slipped on a greasy substance, there was no proof that Publix or its employees were at fault, or that the substance was on the floor for a sufficient length of time to put defendant on notice. Evens, 468 So.2d at 1111; Gaidymowicz, 371 So.2d at 212; McDaniel, 327 So.2d at 893; Friedman, 254 So.2d at 831.
Since there was no proof of actual nor constructive notice, plaintiff's claim rests on an inference that Publix employees were negligent. The jury would have had to build inferences on top of inferences to conclude that a dinner tray had been overfilled at the delicatessen, that drops of gravy spilled when the tray was raised over the counter to a Publix employee, and that this caused plaintiff to slip. In Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960), the supreme court summarized:
In recent years we have several times undertaken a discussion of the rules applicable to circumstantial evidence and justifiable inferences therefrom in civil actions, as distinguished from criminal cases.... The sum of all of these opinions is that in a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.
Nielsen, 117 So.2d at 733. See also Voelker, 73 So.2d at 403; Southland Distributing Co. v. Vernal, 497 So.2d 1240 (Fla. 2d DCA 1986); Gaidymowicz, 371 So.2d at 212; Marlo Investments, 227 So.2d at 58.
The judgment and cost judgment in favor of appellee are, therefore, reversed.
LETTS and DELL, JJ., concur.