ORFINGER, Judge,
dissenting.
Janice Lantz slipped and fell in a Sears, Roebuck store in Orlando and sued, claiming that Sears was negligent in maintaining the floor in a* dangerous condition and in failing to warn her of the danger. After the pleadings were closed and depositions were taken, the trial judge entered a summary judgment in favor of Sears. In my view there are disputed issues of fact which require a trial on the merits, and I would reverse.
Jess Lantz testified by deposition that it had been raining for some time prior to the time he and his wife entered the store and that the parking lot was wet. He stated that when they entered they stepped first on a mat at the entrance, but that after they stepped onto the “shiny floor” and had taken just a few steps, his wife’s feet slid out from under her and she fell. He testified that when he went to assist her there was water on the floor at the point where she fell, and he believed that this *124 was what his wife had slipped on. Although employees of Sears testified that there was no water on the floor where Mrs. Lantz fell, this is a disputed fact which must be resolved, for summary judgment purposes, in favor of the plaintiff, as the non-moving party. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977).
Even if we assume that there was no duty to warn the plaintiffs of the wet condition of the floor because it should have been as obvious to them as it was to the store owner (a point we need not decide now), the property owner has a duty to maintain its premises in a reasonably safe condition and protect its invitees from dangers of which he knows or should know. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). To recover in this action, plaintiff was required to show either that defendant had actual notice of the dangerous condition or that the condition existed for such a length of time that in the exercise of ordinary care Sears should have known of it and taken action to remedy it or to guard the plaintiff from harm therefrom. Teate v. Winn Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA 1988); Evens v. Eastern Air Lines, Inc., 468 So.2d 1111 (Fla. 1st DCA 1985). This latter standard, known as constructive notice, may be proved by circumstantial evidence. Teate; Evens.
While actual notice may not have been shown, there is enough evidence which, together with inferences therefrom, create an issue as to constructive notice. It had been raining and customers coming in from the wet parking lot would drip water on the floor. Although denying that he had seen any water on the floor when and where Mrs. Lantz fell, the operations manager of the store testified that when it rained people would carry water into the store from the outside, and that he would check the store and the condition of the floor more frequently than he did when the weather was good, so that “wet floor” signs could be placed on the floor when needed. No such signs were up that afternoon. A jury could believe that the floor was wet, that the manager knew that a wet floor was dangerous to customers, and it could also believe that management should have known of the dangerous condition of the floor for a sufficient period of time to take corrective action, in light of the testimony of the operations manager that this part of the store had not been checked for anywhere between one and two hours. This was. not a summary judgment case, and is much like Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965) where the supreme court, on similar facts, concluded that a jury question was presented.
I would reverse.