542 So.2d 432 (1989)
WINN DIXIE STORES, INC., Appellant/Cross Appellee,
v.
Doris GAINES, Appellee/Cross Appellant.
Nos. 87-0431, 87-2338.
District Court of Appeal of Florida, Fourth District.
April 26, 1989.
Rehearing Denied May 26, 1989.
Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant/cross appellee.
David Wm. Boone of Boone & Davis, P.A., Atlanta, Ga., for appellee/cross appellant.
HERSEY, Chief Judge.
This is an appeal from a plaintiff's verdict in a slip and fall case. At issue is whether the defendant, Winn Dixie, was entitled to a directed verdict.
Doris Gaines slipped and fell in a Winn Dixie store. Testimony established that shortly after the fall dried beans and rice were found on the floor near the spot where the accident occurred. There was no testimony as to who caused the loose beans and rice to be on the floor or how long they were there, although they did not appear old or ground into the floor or crushed as by foot traffic or shopping carts. An inspection of the area at approximately 11:00 a.m. revealed no spillage. The slip and fall occurred between 11:00 a.m. and 11:30 a.m.
The plaintiff has the burden of proof to show the negligence of the defendant. Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987). In order to get to the jury, there must be some evidence of negligence. Id. This evidence may be, but seldom is, direct testimony that an employee caused the debris to be on the floor. More commonly *433 the showing is that the debris remained on the floor a sufficient length of time to support an inference that the defendant knew or should have known of the unsafe condition. See Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970). Either showing establishes a breach of the shopkeeper's duty to provide a reasonably safe place to shop. Burmeister v. American Motorists Insurance Co., 403 So.2d 541 (Fla. 4th DCA 1981).
There is no direct evidence of negligence here. The question, then, is whether there was a sufficient showing to permit a jury to base a verdict upon the alternative route to liability. We hold there was not, except by an impermissible pyramiding of inferences. See Schmidt, 509 So.2d at 978.
Beans and rice come in separate packages and are displayed on adjacent store shelves. Broken packages are not sold. No broken packages were discovered. The beans and rice on the floor were not crushed as they would have been had they been there a sufficient length of time to have been stepped on or run over by a shopping cart. The only testimony as to the time of the slip and fall placed it somewhere between 11:00 a.m. and 11:30 a.m. The area was inspected at 11:00 a.m.
This is not sufficient to permit an inference that management knew or should have known of the existence of the unsafe condition. It would be pure speculation to find that the beans and rice from separate broken packages were somehow deposited on the floor sometime after the 11:00 a.m. inspection and that sufficient time then elapsed before the accident to impose constructive knowledge on management of the condition of the aisle in question.
We therefore reverse and remand for entry of a directed verdict for the defendant.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
Although the issue is close, I believe the trial court properly submitted the case to the jury. There were two (2) separate substances on the floor, dried beans and rice, which would have had to come from separate packages. From this, I think a jury of reasonable persons could conclude that two separate incidents took place that caused the substances to be on the floor, and that the separate instances spanned a sufficient length of time to put the store on constructive notice of the presence of the foreign material. Florida courts have held that a fifteen or twenty minute time period is sufficient to charge the defendant with constructive notice, and that the condition of the material may itself be sufficient to indicate the passage of time. Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490, 493 (Fla. 3d DCA 1973), citing Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973); Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972); Little v. Publix Supermarket, Inc., 234 So.2d 132 (Fla. 4th DCA 1970); Jenkins v. Brackin, 171 So.2d 589 (Fla. 2d DCA 1965). The possibility of the two different materials being deposited on the floor at the same time is remote. Accordingly, just as inferences of time have been allowed to be drawn from the fact that the foreign substance was dirty or walked over, I think a similar inference can be drawn from the fact that two (2) different and separately packaged items were found scattered on the floor.