616 So.2d 110 (1993)
Joan RESS, et al., Appellants,
v.
X-TRA SUPER FOOD CENTERS, INC., a foreign corporation, Appellee.
No. 91-2312.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Steven R. Berger of Wolpe, Leibowitz, Berger & Brotman and Nuell, Baron & Polsky, Miami, for appellants.
Mark R. Antonelli of Gaebe, Murphy, Mullen, Antonelli & Gerlin, Coral Gables, for appellee.
DOWNEY, JAMES C., Senior Judge.
Appellants, Joan and William Ress, appeal from a summary judgment entered against them in a slip and fall case which they filed against appellee, X-tra Super Food Centers, Inc.
While walking through an aisle of X-tra's super market, Joan Ress stepped on a substance on the floor which appeared to be sauerkraut and fell, injuring herself. Joan had been in that particular aisle for at least five minutes, during which time no one passed her. Prior to the time that she slipped and fell she had been looking up at a "huge display" of paper towels which reached "up to the rafters." Joan testified in a deposition that the substance she fell on looked like sauerkraut and it was "gunky, dirty and wet and black." The deposition evidence further showed that the store sold hot dogs to customers for *111 consumption on the premises. There were condiments and customers could request sauerkraut. Customers were free to either sit on the benches near the area where the hot dogs were sold or walk around the store while consuming hot dogs.
Joan and William sued for damages based upon X-tra's negligence in allowing the aforesaid condition to exist. In due course X-tra filed a motion for summary judgment, the thrust of which contended that there was no genuine issue of material fact existing because there was no proof that X-tra actually or constructively knew of the presence on the floor of the substance causing Joan's fall. It is conceded there was no actual notice; the issue presented is whether X-tra had constructive notice of the condition.
On the record presented to the trial court we conclude that X-tra did not successfully carry its burden of conclusively demonstrating that there was no existing genuine issue of material fact. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Cufferi v. Royal Palm Development Co., Inc., 516 So.2d 983 (Fla. 4th DCA 1987); Suggs v. Allen, 563 So.2d 1132 (Fla. 1st DCA 1990).
The pleadings, depositions and other matters contained in the record show that the substance which caused Joan to slip and fall, a substance she perceived to be sauerkraut, had been there for at least five minutes. Furthermore, the substance was black which could lead one to conclude that it had been stepped on before and thus had been there for longer than the five minutes Joan could account for.[1] We note also that the store manager admitted that the existence of the substance on the floor could create a dangerous condition. It is therefore the court's conclusion that all the circumstances considered, a genuine issue of material fact exists.
On appeal Joan and William additionally contend that the manner in which the paper towel display was constructed caused Joan's attention to be diverted from the condition of the floor thus excusing her failure to see it as she proceeded down the aisle. X-tra responds by noting that this contention was neither pled nor argued below. Nevertheless, if that contention would state a cause of action for negligence we believe it can be pled by the plaintiffs by way of an amendment to the complaint on remand.
In view of the foregoing we reverse the judgment appealed from and remand the cause for further proceedings.
HERSEY and DELL, JJ., concur.
NOTES
[1] The condition of the substance alleged to have caused an accident such as presented here has been considered in other cases as bearing on the critical time span during which the dangerous condition had existed. Newalk v. Florida Supermarkets, Inc., 610 So.2d 528 (Fla. 3d DCA 1992) (oil spots on the floor appeared old.); Winn-Dixie Stores v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972) (sticky, dusty and dirty substance); Washington v. Pic-N-Pay Supermarket, Inc., 453 So.2d 508 (Fla. 4th DCA 1984) (collard greens looked old and nasty); Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490 (Fla. 3d DCA 1973) (black looking piece of rotten banana).