SCHOONOVER, JACK R., Associate Judge.
Appellant/plaintiff, Benjamin Levy Burnsed, sought damages against the appel-lee/defendant, Seaboard Coastline Railroad Company, for injuries sustained in a collision with one of appellee’s trains at a railroad crossing. At the conclusion of the appellant’s case in chief, and again at the close of all of the evidence, the appellee made a motion for a directed verdict. The trial judge reserved ruling on the motion and submitted the matter to the jury, which returned a verdict for the appellant in the amount of $15,000.00. After verdict, the trial court granted appellee’s motion for a directed verdict. Appellant contends the trial court erred in directing a verdict in favor of the appellee.
Viewing the testimony adduced at the trial in a light most favorable to the appellant, we disagree with appellant. We affirm.
Appellee’s train stopped during hours of darkness at the crossing in question because its brakes had locked. Appellant who had driven through the crossing many times and was thoroughly familiar with it, did not heed the stop sign, and without looking either right, left, or straight ahead, drove into the side of appellee’s railroad train which consisted of 171 cars, a caboose and four engines which had stopped because of the emergency. Railroad personnel were in the engine and the caboose. As soon as the train stopped, the flagman got off and started walking forward towards the crossing in question which was approximately one mile from the caboose of the train in which he was riding. The evidence is un-contradicted that the train was stopped for no more than ten minutes, and that it would have taken the flagman fifteen minutes to arrive at the crossing and set in place the “fusees” (flares) as required by *713 Fla.Stat. § 357.08(1).[1] The evidence is un-controverted that the only reason the flagman did not continue to the crossing and place the warning signals required was that the brakes released and the train departed shortly after it stopped.
Appellant argues that appellee’s failure to have the fusees in place constituted a violation of Fla.Stat. § 357.08(1) and is negligence per se. But, as the Supreme Court has held in Burnsed v. Seaboard Coastline Railroad Co., Fla.1974, 290 So.2d 13, the statute must be construed to mean that the fusees should be placed at the crossing within a reasonable time.
The mere fact that it would be possible to draw some inference of negligence on the part of the appellee, does not warrant submitting an issue of negligence to a jury. Rather, the test is whether a reasonable inference exists. Here we find no reasonable inference of negligence to warrant a submission of the question of negligence to a jury. There was no evidence of improper or unlawful operation of the train, and no evidence that it would have been possible to place the fusees at the railroad crossing in question before the appellant’s vehicle collided with same. In effect the appellee’s employees on the train simply did not have time to comply with the statutory requirement of placing the fusees. Cf., Waters v. Winn-Dixie Stores, Inc., Fla.App.2d 1962, 146 So.2d 577.
Accordingly, the judgment of the trial court is affirmed.
GRIMES, A. C. J., and SCHEB, J., concur.

. “(1) Whenever a railroad shall engage in a switching operation or stop so as to block a public highway, road or street at any time from one half hour after sunset to one half hour before sunrise, the crew of such railroad train shall cause to be placed a lighted fusee or other visual warning device in both directions from such railroad train upon or at the edge of the pavement of the highway, road or street to warn approaching motorists of the railroad train blocking the highway, road or street; provided, this section shall not apply to railroad crossings at which there are automatic warning devices properly functioning or at which there is adequate lighting.”