371 So.2d 212 (1979)
Mary GAIDYMOWICZ, Appellant,
v.
WINN-DIXIE STORES, INC., Appellee.
No. 78-1781.
District Court of Appeal of Florida, Third District.
May 22, 1979.
*213 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Vogler & Postman, Miami, for appellant.
Vernis & Bowling and Richard N. Blank, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
HAVERFIELD, Chief Judge.
In this negligence action plaintiff, Mary Gaidymowicz, appeals an adverse final judgment entered pursuant to defendant supermarket's motion for directed verdict made at the close of her case.
Mrs. Gaidymowicz while shopping at one of the Winn-Dixie Stores slipped and fell on some green liquid detergent which was lying on the floor of aisle number 3 and sustained injury. At the jury trial Harold Sobel, who had accompanied his mother, Mrs. Gaidymowicz, to the market, testified that upon noticing the liquid detergent on the floor of aisle 3, he immediately notified the store manager, Herbert Russell, and then returned to aisle 3 whereupon he observed his mother on the floor. Sobel further testified that it took him just over a minute to walk over to the manager and inform him of the liquid lying on the floor and to return to aisle 3. Mr. Russell, the store manager, testified that the first time he was apprised of the liquid lying on the floor was when Mr. Sobel came to him and told him of Mrs. Gaidymowicz's fall and that no more than five minutes prior thereto he had walked down aisle 3 and nothing was on the floor. Mr. Russell also stated that upon arriving at the scene of the fall, he noticed some liquid detergent on the floor of aisle 3 and also some detergent on aisle 4, but none on the cross-aisle near the meat counter from where Mrs. Gaidymowicz had just returned to her cart on aisle 3.
Based upon the above testimony, the trial judge granted Winn-Dixie's motion for a directed verdict. Mrs. Gaidymowicz appeals and contends that contested issues of fact existed which required jury resolution.
With regard to the duty of a supermarket to one of its patrons, the well established general rule is that the owner of the premises will not be held liable if the record fails to show either how the condition was created, the length of time the condition existed before the accident or that the store owner was responsible for the condition. The exception to the above rule is that the owner of a store may be held liable for a customer's injuries if the dangerous condition *214 on the floor existed for a sufficient length of time to charge the defendant owner with constructive knowledge. Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973).
The evidence on the issue of Winn-Dixie being on actual notice of the liquid on the floor when viewed in a light most favorable to Mrs. Gaidymowicz reflects that a little over a minute before her fall, her son, Harold Sobel, informed the manager, Mr. Russell, of the liquid on the floor and Mr. Russell thereupon ordered an employee to clean it up. We conclude that with only one minute actual notice, Winn-Dixie did not have a sufficient opportunity to correct the dangerous condition and, therefore, could not be liable on the basis of actual notice. Cf. Waters v. Winn-Dixie Stores, Inc., 146 So.2d 577 (Fla.2d DCA 1962); Publix Super Markets, Inc. v. Heiser, 156 So.2d 540 (Fla.2d DCA 1963).
We next considered the liability of Winn-Dixie on the ground of constructive notice. Although the fact that a dangerous condition existed long enough so that it should have been discovered by the owner/defendant may be proved like any other fact by circumstantial evidence,[1] Mrs. Gaidymowicz failed to present sufficient evidence as to the length of time the liquid was on the floor in order for Winn-Dixie to be charged with constructive knowledge of the condition and a reasonable time in which to correct it. Again, a perusal of the evidence in a manner most favorable to Mrs. Gaidymowicz reveals that (1) at the most five minutes before her fall, Mr. Russell walked down aisle 3 and there was nothing there, and (2) after the fall, Mr. Russell noticed the liquid on aisle 3 and on aisle 4, but not on the cross-aisle near the meat counter. Although the record contains no evidence of any liquid or substance on the floor of the cross-aisle near the meat counter, Mrs. Gaidymowicz argues that from the above testimony of Mr. Russell with regard to the liquid being on the floor of aisles 3 and 4, a reasonable inference can be drawn that the liquid was also on the cross-aisle and was there long enough for it to be worn away by normal traffic; therefore, it can be further inferred that the liquid was on the cross-aisle for a sufficient length of time for Winn-Dixie to have reasonably known of its existence. In order to use one inference as a basis for another inference (i.e. build an inference upon inference) the first or initial inference must outweigh all reasonable inferences to the contrary. Voelker v. Combined Ins. Co., 73 So.2d 403 (Fla. 1954). In the case at bar, the fact no liquid was found on the cross-aisle is equally (if not more so) reasonably susceptible to the inference that there was never any liquid spilled on the cross-aisle. Thus, Mrs. Gaidymowicz cannot prevail on the ground of constructive notice. See McDaniel v. Great Atlantic & Pacific Tea Co., Inc., 327 So.2d 893 (Fla.3d DCA 1976).
Last, the record failed to show that the Winn-Dixie or one of its employees was responsible for spilling the liquid on the floor.
Accordingly, the judgment for Winn-Dixie entered pursuant to its motion for directed verdict is affirmed.
Affirmed.
NOTES
[1] Winn-Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla.3d DCA 1972).