531 So.2d 199 (1988)
Richard L. STEINBERG, by and through His Parents and Next Friends, Paul B. Steinberg and Sandra Steinberg, and Paul B. Steinberg and Sandra Steinberg, Individually, Appellants,
v.
Robert E. LOMENICK D/B/a Normandy School and National Union Fire Insurance Company of Pittsburgh, a Foreign Corporation, Appellees.
No. 86-1167.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Rehearing Denied October 5, 1988.
Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Lawrence & Daniels, Miami, for appellants.
Conroy, Simberg, Wilensky & Lewis and Harriet Lewis, Hollywood, for appellees.
Before HUBBART,[*] BASKIN and DANIEL S. PEARSON, JJ.

ON REHEARING
DANIEL S. PEARSON, Judge.
The appellees' motion for rehearing is granted, and the following opinion is substituted for the opinions filed February 9, 1988.
The parents of a minor appeal from a judgment, entered on a jury verdict, determining that the school their son attended had not been negligent in its supervision of him. The parents' theory of the school's liability was that its playground supervisor had failed to observe their son and prevent him from climbing on the limb of a tree from which he fell. The school's defense was that the boy did not fall from the tree, but from a climbing rope attached to the limb.
In their effort to prove that the school had been negligent in its supervision of the *200 young boy, the plaintiffs introduced into evidence the school's "Rules for Staff," a document promulgated by the school which included the school's view of proper playground supervision. Among the admonitions contained in the "Rules for Staff" were that "[a]t least one supervisor must be in each yard that is occupied by children in order for each child to be in view or [sic] a supervisor at all times" and "[w]hen acting as a supervisor on the playground, be especially alert for ... [c]hildren engaging in activity which appears likely to result in injury." The emphasis shown above is found in the Rules.
At the charge conference the plaintiffs requested that the court instruct the jury that if it found that the defendant violated any of its "Rules of Staff," such would be evidence, but not conclusive evidence, of negligence.[1] The trial court refused to give the instruction.
No case cited by the appellants even remotely stands for the proposition that a plaintiff is entitled to an evidence-of-negligence instruction where the defendant violates its own rule of conduct.[2] Concededly, rules made by a defendant to govern the conduct of employees are relevant evidence of the standard of care. W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser & Keeton on The Law of Torts 195-96 (5th ed. 1984); 2 J. Wigmore, Evidence § 282, at 146 (Chadbourn rev. 1979); see Thropp v. Bache Halsey Stewart Shields, Inc., 650 F.2d 817, 820 (6th Cir.1981) (defendant's internal rules may be used to establish correct standard of care); Babcock v. Chesapeake & Ohio Ry. Co., 83 Ill. App.3d 919, 931-32, 38 Ill.Dec. 841, 851, 404 N.E.2d 265, 275 (1980) (both industry-wide standards and company operating rules can be used to establish standard of care). Indeed, this court has held that a party's internal policies and procedure are admissible as some evidence of the appropriate standard of care. Marks v. Mandel, 477 So.2d 1036 (Fla. 3d DCA 1985). However, as Professor Wigmore has noted, a difficulty
"arises from the necessity of distinguishing between the use of such facts evidentially and their use as involving a standard of conduct in substantive law.... To take [the defendant's] conduct as furnishing a sufficient legal standard of negligence would be to abandon the standard set by the substantive law, and would be improper... . The proper method is to receive it, with an express caution that it is merely evidential and is not to serve as a legal standard."
2 J. Wigmore, Evidence § 461, at 593 (footnote omitted, emphasis in original).
Consistent with the Wigmore analysis, this court has held that the jury receiving such evidence must be cautioned that the existence of an internal rule does not itself fix the standard of care. Nesbitt v. Community Health of South Dade, Inc., 467 So.2d 711, 715 (Fla. 3d DCA 1985).
Therefore, to instruct the jury, as the plaintiffs requested, that a violation of a defendant's internal rule is evidence of negligence *201 is to give far more weight to the evidence than it deserves; evidence that the rule was violated is not evidence of negligence unless and until the jury finds  which according to the caveat it is free not to do  that the internal rule represents the standard of care.[3]
No statute or regulation or even industry-wide standard, but see supra note 2, required that the defendant's employees keep each child in view at all times. This unquestionably desirable goal was set by the defendant itself, and that it was not met should not result in the court permitting the jury to ipso facto find the defendant negligent.
We have considered the appellants' remaining points on appeal and conclude that none of them warrant a reversal of the judgment under review.
Affirmed.
BASKIN, Judge (concurring).
I concur in the decision because a contrary result would discourage the voluntary setting of standards higher than those customarily employed in the community.
NOTES
[*] Judge Hubbart did not participate in oral argument.
[1] The form upon which the requested instruction was based is Standard Jury Instruction 4.11, which reads:

"Violation of a traffic regulation prescribed by [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent."
[2] Seaboard Coast Line Railroad v. Clark, 491 So.2d 1196 (Fla. 4th DCA 1986), holds simply that the trial court did not abuse its discretion in granting a new trial on the ground that it should have given plaintiff's proposed instruction on the effect of a violation of industry standards. Likewise, St. Louis-San Francisco Ry. v. White, 369 So.2d 1007 (Fla. 1st DCA 1979), concerned violations of industry standards and statutes, and thus does not support the proposition that a violation of defendant's internal rules is evidence of negligence. While we question the propriety of these rulings which permit a jury to draw the identical inference from the violation of an industry standard as from the violation of a statute, cf. Jackson v. Harsco Corp. 364 So.2d 808, 810 (Fla. 3d DCA 1978) (Barkdull, J., concurring) (questioning case elevating administrative rule to dignity of statute), we need not confront them in the present case. Finally, the reversal in Marks v. Mandel, 477 So.2d 1036 (Fla. 3d DCA 1986), was based on the trial court's refusal to admit plaintiff's proffered evidence of the hospital's internal rules, not the court's refusal to instruct the jury concerning the effect of such evidence.
[3] Standard Jury Instruction 4.11 is an exception to the general rule prohibiting a court from commenting on the evidence. While it permits the singling out of a piece of evidence (e.g., the violation of a statute), its caveat recognizes the danger of undue emphasis. Thus, the party introducing such evidence is uniquely entitled to have it specifically mentioned, and the party against whom it is introduced is then entitled to have the jury told that it is not conclusive. Seaboard Coastline Railroad Co. v. Addison, 502 So.2d 1241 (Fla. 1987).