541 So.2d 739 (1989)
Marisol ARTIGAS, Appellant,
v.
ALLSTATE INSURANCE COMPANY and Metropolitan Dade County, Appellees.
No. 88-942.
District Court of Appeal of Florida, Third District.
April 11, 1989.
*740 Wolpe & Leibowitz, Steven R. Berger, Miami, for appellant.
Robert A. Ginsburg, County Atty., Miami, and Evan Grob, Asst. County Atty., Coral Gables, for appellees.
Before BARKDULL, COPE and LEVY, JJ.
PER CURIAM.
Appellant fell after boarding a bus, while on her way to her seat. As the facts of the present case are indistinguishable in any material sense from those in Miami Transit Co. v. Ford, 159 So.2d 261 (Fla. 3d DCA 1964), the summary judgment in favor of appellee is affirmed. Although appellant relies in part on statements by the bus driver in order to suggest a violation of the procedures outlined in the bus operator's manual, the text of the manual itself indicates that on the present record no violation of internal procedures occurred.[1]
Affirmed.
NOTES
[1] The manual would not in any event fix the standard of care. See Steinberg v. Lomenick, 531 So.2d 199, 200 (Fla. 3d DCA 1988). That is so in part because of the public policy in favor of encouraging the voluntary setting of standards higher than those customarily employed in the community. Id. at 201 (Baskin, J., concurring). Where there is a factual dispute about the applicable standard of care, internal procedures can be considered as some evidence of what the appropriate standard is. Id. at 200-01. In the present case, under the parameters already established by the decisional law, there is no dispute on the appropriate standard of care, and evidence of internal procedures is therefore immaterial.