SCHWARTZ, Chief Judge.
The plaintiff-appellee recovered a jury verdict and judgment for the loss of the contents of a cargo container stolen from *1280 the appellant-defendant’s premises allegedly because of its negligence. We reverse for a new trial on two grounds.
(a) The only evidence in support of the plaintiffs claim that the container was filled with valuable electronic equipment and had not been unloaded was plainly inadmissible hearsay as to what Electronics’s manager had been told by one of her supervisors. Contrary to the position asserted below, this testimony was not admissible as a “statement by [an] agent or servant” pursuant to section 90.803(18)(d), Florida Statutes (1989), because it was not offered, as 90.803(18)(d) requires, “against” the maker of the statement. See Hunt v. Seaboard Coast Line R.R., 327 So.2d 193 (Fla.1976); C. Ehrhardt, Florida Evidence § 803.18d (2d ed. 1984). Contrary to the arguments presented on appeal, the evidence was not cumulative and the objection was neither waived nor untimely asserted.
(b) The jury was improperly instructed as to the effect of a violation of “U.S. Customs Regulations” because no regulation referred to in evidence was intended to benefit a class of which the plaintiff was a member. See Roberts v. James, 447 So.2d 947 (Fla. 2d DCA 1984), pet. for review denied, 453 So.2d 44 (Fla.1984); Rex Utilities, Inc. v. Gaddy, 413 So.2d 1232 (Fla. 3d DCA 1982), review denied, 422 So.2d 843 (Fla.1982); H.K. Corp. v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981). The instruction also incorrectly suggested that a violation of Miami Free Zone’s own rules could properly be considered as prima facie evidence of negligence. Steinberg v. Lomenick, 531 So.2d 199 (Fla. 3d DCA 1988), review denied, 539 So.2d 476 (Fla.1989).
The appellant’s other points are without merit.
Reversed and remanded.