686 So.2d 801 (1997)
John MAYO, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Florida corporation, Appellee.
No. 96-0738.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
Timothy H. Kenney of Timothy H. Kenney, P.A., Palm Beach, for appellant.
Donna R. Slebodnik of Law Offices of Frank C. Cibula, Jr., West Palm Beach, for appellee.
TAYLOR, CAROLE Y., Associate Judge.
We affirm on all issues raised. We write only to clarify that a party's own internal operating manuals are admissible if relevant to the issues raised.
This appeal arose from a jury verdict and judgment in favor of the defendant in a slip and fall case. Appellant Mayo brought a personal injury action against Appellee Publix Super Markets, Inc. as a result of injuries he sustained when he fell while stepping off a scale in appellee's store. Mayo claimed he was struck by the shopping cart of a fellow store customer, who fled without rendering him any assistance. A central issue was whether appellee was negligent in the placement of the scale. The evidence at trial established that the scale was located in the entranceway of Publix adjacent to shopping carts and was stationed in a high-volume traffic area of the store. There was also evidence presented, though disputed, that visibility of the scale was obscured by display items located nearby.
Plaintiff sought to introduce into evidence at trial portions of Publix's manager's procedures manual to demonstrate what was reasonable care in placement of the scale for public access. In excluding the manager's manual from evidence, the trial court relied upon K-Mart Corp. v. Kitchen, 662 So.2d 977 (Fla. 4th DCA 1995), rev. granted on different grounds, 675 So.2d 120 (Fla.1996). The trial judge interpreted the decision to mean that evidence of a business's own internal rules is not admissible. He reasoned that permitting a jury to consider such evidence would unfairly lead the jury to impose a higher legal standard on a party and, thereby, undermine important public policy considerations. At the pretrial hearing on Publix's motion in limine to exclude any reference to the procedures manual, the trial judge stated:

*802 "Let me tell you what I think public policy-wise. We want K-Mart and Publix and Burger King and all those places to have internal policies that assure the highest standard of public safety. And God forbid that there be jury instructions that, hey, if you fail to wash your hands or something like that the jury can consider it in evidence against you. In other words, these retail establishments being held to a higher standard than the reasonable man standard. But by the same token it seems to me that if they enunciate these policies in some kind of a procedures manual, personnel manuals, safety manuals, but the public policy requires that they not be hammered with those things because they will simply erase them. Right? They will have no polices to assure public safety because it would then hold them to a higher standard.... I'm granting that you may not refer to the internal rules of, in this case Publix, to fix the standard of care."
In K-Mart Corp. v. Kitchen, 662 So.2d 977 (Fla. 4th DCA 1995), our court held that it would be improper for the trial court to instruct the jury that a violation of the internal policy or procedure of a party was evidence of negligence. In so ruling, we cited Steinberg v. Lomenick, 531 So.2d 199 (Fla. 3d DCA 1988), rev. denied, 539 So.2d 476 (Fla.1989). However, the Third District Court of Appeal noted in Steinberg that a party's own rules of conduct are relevant and can be received into evidence with an express caution that they are merely evidentiary and not to serve as a legal standard.
This court has also recognized that safety rules and procedures established by a party to govern the conduct of its employees are relevant evidence of the standard of care. In Cain v. Brown, 569 So.2d 771 (Fla. 4th DCA 1990), a slip and fall action was brought against a service station owner/operator by a patron who slipped on a greasy substance on the ground. We held that a jury question arose as to whether it would have been reasonable for a gas station's employees, in light of their allegedly established inspection procedures, to have been in the island area of the gas station examining for foreign substances left on the ground by the prior customer before the plaintiff's vehicle entered the full-service lane.
We clarify that a party's own internal operating manuals are admissible if relevant to the issues raised. We reiterate, however, as we stated in K-Mart, that a party's internal rule does not itself fix the legal standard of care in a negligence action, and that the party is entitled to appropriate jury instructions to that effect.
We further emphasize that the manual, or portions thereof proffered for evidence at trial, must nonetheless meet the test of relevancy. In the instant case, Appellant has not sustained his burden of showing that the internal policies and procedures set forth in the manager's manual were relevant to the issue of reasonable care in placement of the scale. Appellant conceded that the manual made no mention whatsoever of safe situation of the scale in the supermarket, but merely addressed the accumulation of clutter and debris in the store aisles. No evidence was adduced at trial pertaining to any violations of these specific policies. Nor was it established that any such violations had any causal connection to the slip and fall accident in question. Therefore, we hold that the trial court did not err in excluding the manual from evidence at trial on the basis of relevancy.
AFFIRMED.
POLEN and PARIENTE, JJ., concur.