# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2212
Lower Tribunal No. 08-46176
_____


**Caridad Miyiriam Dominguez,**
Appellant/Cross-Appellee,

vs.

**Publix Super Markets, Inc.,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Bolton & Gross and Richard A. Bolton, for appellant/cross-appellee.

Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, for appellee/cross-appellant.


Before SHEPHERD, LAGOA and SCALES, JJ.

SHEPHERD, J.

This is an appeal by Caridad Miyiriam Dominguez, the plaintiff below, from an award of attorneys' fees to Publix Super Markets, Inc., pursuant to a proposal of settlement in a slip and fall case. Publix Super Markets, Inc., cross appeals the trial court's denial of its motion for judgment in accordance with its motion for directed verdict. We affirm the award of attorneys' fees to Publix Super Markets on the proposal for settlement without the need for discussion. We reverse the order denying Publix Super Markets' Motion for Judgment in Accordance with Motion for Directed Verdict, with directions to the trial court to enter judgment for Publix.

The dispositive facts of this case were recorded on the store's surveillance video camera. Caridad Dominguez slipped and fell on a patch of laundry detergent that had issued from the top of a bottle that had just fallen from a Publix Super Markets store shelf. The video recording of the aisle shows that in the eight minutes preceding the incident, several customers traveled through the aisle, including one who stopped in front of where the bottle was located, reached up to a shelf, and then walked out of the aisle. At the time the bottle fell, Publix assistant grocery manager, Keith Nation, was examining shelves at the opposite end of the aisle.[1] Upon hearing the crash, Nation ran to the spot of the spill. The video shows Nation straddling the spill and bending over to right the bottle nine seconds

---

[1] The aisle is seventy-two feet long and approximately seven feet wide.

after the bottle fell.  Four seconds later, Ms. Dominguez rounds into the aisle and slips on the detergent.  Nation's back is to Dominguez as she turns into the aisle. As evidenced by the video camera, the entire incident, from the time Nation heard the bottle fall to the time Dominguez slipped, consumed thirteen seconds.

"A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party."  Sears, Roebuck & Co. v. McKenzie, 502 So. 2d 940, 941 (Fla. 3d DCA 1987) (citations omitted).

> A property owner owes two duties to its business invitees: 1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe condition.

Rocamonde v. Marshalls of Ma, Inc., 56 So. 3d 863, 865 (Fla. 3d DCA 2011) (citing Westchester Exxon v. Valdes, 524 So. 2d 452, 455 (Fla. 3d DCA 1988)).

The issue in this case is not whether Publix failed to warn Dominguez of the substance on the store floor.  The detergent patch was an open and obvious condition.  See Early v. Morrison Cafeteria Co. of Orlando, 61 So. 2d 477, 478 (Fla. 1952) (noting a store proprietor "has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses") (citation omitted).  Rather, the issue is whether the store owner in this case used ordinary care to maintain its premises in a reasonably safe condition.

3

In transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred. See Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So. 2d 212, 214 (Fla. 3d DCA 1979). In Gaidymowicz, Mary Gaidymowicz also slipped and fell on some liquid detergent in the aisle of a grocery store. Harold Sobel, who had accompanied her to the store, testified that upon noticing the substance, he immediately notified the store manager and then returned to the aisle where he found his mother on the floor. Id. at 213. Sobel further testified it took him just over a minute to walk over to the manager to inform him of the liquid and return to the aisle. Id. The store manager testified that no more than five minutes prior thereto he had walked down the same aisle and found nothing on the floor. Id. He also testified that as soon as Sobel told him of the substance, he ordered an employee to clean it up. Id. at 214. By that time, it was too late. Based on these facts, "[w]e conclude[d] that with only one minute actual notice, Winn-Dixie did not have sufficient opportunity to correct the dangerous condition and, therefore, could not be liable on the basis of actual notice." Id. We further held that "Mrs. Gaidymowicz failed to present sufficient evidence as to the length of time the liquid was on the floor for Winn-Dixie to be charged with constructive knowledge of the condition and a reasonable time in which to correct it." Id.

Publix Supermarkets, Inc. v. Heiser, 156 So. 2d 540 (Fla. 2d DCA 1963) is also instructive. In Heiser, the plaintiff slipped and fell on a broken jar of mayonnaise. A Publix Super Markets' stock man in the next aisle heard the mayonnaise jar fall and immediately made his way to the site of the broken jar, where he found Mrs. Heiser already on the ground. As to the time it took him to get to the site of the incident, the stock man testified: "I would say a matter of seconds. Probably a minute. Probably a minute and a half. Depends. The store was crowded and the trouble – main trouble was you couldn't get through right away." Heiser, 156 So. 2d at 541. Relying upon Waters v. Winn-Dixie Stores, Inc., 146 So. 2d 577 (Fla. 2d DCA 1962), where the slip and fall occurred about four to five seconds after a jar of baby food fell and broke on a floor near a checkout counter, the Second District Court of Appeal in Heiser held that, viewing the evidence in the light most favorable to plaintiffs, it could not be said the Publix grocery store was "negligent [on] any theory." Id. at 542. We likewise conclude, viewing the evidence in the light most favorable to the plaintiff, that Publix Super Markets was not negligent and cannot be held liable.

Nor does the fact that Publix Super Markets' internal operating procedures called for Nation to immediately block off the aisle where the detergent issued change the result in this case. The evidence relating to Publix's procedures about blocking the aisle was certainly admissible and relevant to the jury's consideration

5

of Nation's conduct after the spill.  See Mayo v. Publix Super Markets, Inc., 686 So. 2d 801, 802 (Fla. 4th DCA 1997); Gunlock v. Gill Hotels, Inc., 622 So. 2d 163, 164 (Fla. 4th DCA 1993).  However, internal safety policies do not themselves establish the standard of care owed to the plaintiff.  Mayo, 686 So. 2d at 802; Gunlock, 622 So. 2d at 164.  If what Nation did, under the circumstances and within the five seconds he was allotted by fate, was reasonable and demonstrated ordinary care, then the fact he allegedly did not abide by Publix's internal operating procedure of blocking off the aisle does not create a heightened duty of care in favor of Dominguez.

Affirmed in part, and reversed in part with directions.