NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WAL-MART STORES, INC.,            )
                                  )
         Appellant,               )
                                  )
v.                                )            Case No. 2D15-4099
                                  )
SANDY WITTKE,                     )
                                  )
         Appellee.                )
                                  )
_____   )

Opinion filed October 21, 2016.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Paul B. Fulmer, III and Richard B. Mangan,
Jr. of Rissman, Barrett, Hurt, Donahue,
McLain & Mangan, P.A., Tampa, for
Appellant.

Susan J. Silverman, Sarasota; and Melton
H. Little of Kallins, Little & Delgado, P.A.,
Palmetto, for Appellee.


BLACK, Judge.

          In December 2009, Sandy Wittke slipped and fell at a Walmart store in

Bradenton, Florida.  Ms. Wittke filed suit against Wal-Mart Stores, Inc., in August 2012,

and the case was tried in June 2015. After deliberating for about one hour, the jury returned a verdict in favor of Wal-Mart. Following the verdict, Ms. Wittke filed a motion for a new trial. The trial judge granted the motion and set aside the jury verdict. Wal-Mart appeals from that order and asserts that the motion for new trial should have been denied. We agree and reverse.

Wal-Mart claims the trial court reversibly erred in two ways by granting the motion for new trial. First, it argues that the court erroneously found that Wal-Mart's failure to follow safety policies and procedures required a negligence finding against Wal-Mart. Second, Wal-Mart argues that the court abused its discretion because competent substantial evidence was presented to allow a reasonable jury to find in favor of Wal-Mart.

In the order granting the motion for new trial, the court found that "the evidence presented to the jury during trial clearly demonstrated that [Ms. Wittke's] injuries were the result of [Wal-Mart's] failure to follow its own safety policies and procedures." Thus, the trial court equated the standard of care with compliance with internal policies and procedures, effectively determining that a breach of policies and procedures is a per se breach of the standard of care. This was error. "[A] party's internal rule does not itself fix the legal standard of care in a negligence action . . . ." Mayo v. Publix Super Mkts., Inc., 686 So. 2d 801, 802 (Fla. 4th DCA 1997); see also Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 937 (Fla. 2004) ("While a written policy or manual may be instructive in determining whether the alleged tortfeasor acted negligently in fulfilling an independently established duty of care, it does not itself establish such a legal duty vis-a-vis individual members of the public."); Dominguez v.

Publix Super Mkts., Inc., 187 So. 3d 892, 895 (Fla. 3d DCA 2016), reh'g denied (Mar. 28, 2016) ("[I]nternal safety policies do not themselves establish the standard of care owed to the plaintiff."); Steinberg v. Lomenick, 531 So. 2d 199, 200 (Fla. 3d DCA 1988) ("[T]he existence of an internal rule does not itself fix the standard of care."). Internal policies and procedures may be admissible if they are relevant to the standard of care, Mayo, 686 So. 2d at 802; however, "evidence that the rule was violated is not evidence of negligence unless and until the jury finds . . . that the internal rule represents the standard of care," Steinberg, 531 So. 2d at 201 (second emphasis added).[1] The trial court's elevation of the alleged violation of internal policies and procedures to the status of a legal duty necessitates reversal of the order granting Ms. Wittke a new trial.

"[W]hen an appellate court has determined that a trial court's grant of a new trial is premised, at least in part, on an error of law, the inquiry then becomes whether the trial court would have granted a new trial but for the error of law." Van v. Schmidt, 122 So. 3d 243, 246 (Fla. 2013). "[A]n order granting a motion for new trial is subject to a heightened abuse of discretion standard." Meadowbrook Meat Co. v. Catinella, 196 So. 3d 373, 373-74 (Fla. 2d DCA 2015). "[I]f an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion." Van, 122 So. 3d at 252-53. Reviewing the motion for new trial and the argument made therein—that the jury's verdict was against the weight of the evidence as to a breach of the standard of care—reasonable minds could not differ on the propriety of granting a new trial. "[T]he

---

[1]In this case, Ms. Wittke did not sustain her burden of proving that the 2003 policies and procedures of an Illinois Wal-Mart, introduced over objection by Wal-Mart, were relevant to the Florida Wal-Mart's standard of care in 2009.

closer an issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion." Van, 122 So. 3d at 258 (quoting Tri-Pak Mach., Inc. v. Hartshorn, 644 So. 2d 118, 119-20 (Fla. 2d DCA 1994) (emphasis omitted)). In this instance, the issue presented by the motion for new trial, although couched as being based on the weight of the evidence, was truly a legal issue of the standard of care. Based on the argument in the motion, "the only way that the trial court could have reached the result of granting a new trial was based on the legal error," and we must reverse and remand for reinstatement of the jury verdict. See Van, 122 So. 3d at 261. Moreover, to the extent the trial court did not rely upon its erroneous conclusion that a violation of internal policies was a per se breach of the standard of care, the trial court clearly abused its discretion in granting the new trial where the manifest weight of the evidence of causation was not at issue.[2]

Accordingly, the order granting the motion for new trial is reversed and we remand with instructions to reinstate the jury verdict.[3]

---

[2]The verdict form reflects that the jury answered the question "[w]as there negligence on the part of WAL-MART STORES, INC. which was a legal cause of injury to SANDY WITTKE" in the negative. The jury was thus not required to consider the remaining questions on the verdict form. Further, it was undisputed that it was raining at the time of the fall. The Wal-Mart safety team leader testified that shortly after the fall Ms. Wittke acknowledged, "It's my fault. I shouldn't have been running in the rain." The jury also viewed surveillance video of the area where the fall occurred showing two fans and a large yellow warning cone marking the area of the wet floor where the fall occurred.

[3]We decline to address Wal-Mart's claims regarding the formal charges brought by the Florida Judicial Qualifications Commission against the trial judge with regard to the judge's request for and acceptance of Major League Baseball tickets from the firm representing Ms. Wittke during the pendency of trial court litigation in the case—including while the motion for new trial was under advisement. As a result of the trial judge's retirement, the charges have been dismissed.

- 4 -

Reversed and remanded with instructions.


SILBERMAN and BADALAMENTI, JJ., Concur.